**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐  Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | ORG GC Midco, LLC |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 81-0741740 |

**4.**  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 6330    Gulfton Street<br>Number   Street | Number      Street |
| | P.O. Box |
| Houston    Texas    77801<br>City    State    ZIP Code | City    State    ZIP Code |
| Harris<br>County | **Location of principal assets, if different from principal place of business** |
| | Number      Street |
| | City    State    ZIP Code |

**5.**  **Debtor's website** (URL)    Not Applicable

**6.**  **Type of debtor**

☒  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐  Partnership (excluding LLP)
☐  Other.  Specify: _____

| Debtor | ORG GC Midco, LLC | Case number (if known) | 21-_____ ( ) |
|---|---|---|---|
| | Name | | |

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above  Holding Company for ARM/BPO Business

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
5614 – Business Support Services

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☒ A plan is being filed with this petition.

  ☒ Acceptances of the plan were solicited prepetition from one or more classes of  creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes  District _____  When _____  Case number _____
                                              MM/ DD/ YYYY

              District _____  When _____  Case number _____
                                              MM / DD / YYYY

---

| Debtor | ORG GC Midco, LLC | Case number (if known) | 21-_____ ( ) |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes

| Debtor | _____ | Relationship | _____ |
| District | _____ | When | _____ |
| Case number, if known | _____ | | MM / DD/ YYYY |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City          State          ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1-49 | | ☐ 1,000-5,000 | | ☐ 25,001-50,000 | |
| ☒ 50-99 | | ☐ 5,001-10,000 | | ☐ 50,001-100,000 | |
| ☐ 100-199 | | ☐ 10,001-25,000 | | ☐ More than 100,000 | |
| ☐ 200-999 | | | | | |

| Debtor | ORG GC Midco, LLC | Case number (if known) | 21-_____ ( ) |
|---|---|---|---|
| | Name | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

▪ I have been authorized to file this petition on behalf of the debtor.

▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  November 8, 2021
                        MM / DD  / YYYY

✗  /s/ Michael Jones                             Michael Jones
   Signature of authorized representative of          Printed name
   debtor

   Chief Financial Officer & Chief Administrative Officer
   Title

**18. Signature of attorney**

✗  /s/ Alfredo R. Pérez                  Date   November 8, 2021
   Signature of attorney for debtor                MM / DD / YYYY

   Alfredo R. Pérez                             Sunny Singh
   Printed Name

   Weil, Gotshal & Manges LLP                   Weil, Gotshal & Manges LLP
   Firm Name

   700 Louisiana, Suite 1700                    767 Fifth Avenue
   Address

   Houston, Texas 77002                         New York, New York 10153
   City/State/Zip

   (713) 546-5000                               (212) 310-8000
   Contact Phone

   Alfredo.Perez@weil.com                       Sunny.Singh@weil.com
   Email Address

   15776275                      Texas
   Bar Number                    State

**WRITTEN CONSENT OF**
**THE BOARD OF MANAGERS OF ORG GC MIDCO, LLC**

**November 7, 2021**

Pursuant to Section 18.404(d) of the Delaware Limited Liability Company Act and Sections 17-302(e) and 17-405(d) of the Delaware Revised Uniform Limited Partnership Act, as applicable, the undersigned managers of ORG GC Midco, LLC, a Delaware limited liability company (such persons, each, a "**Manager**" and collectively, the "**Board**," and such entity, the "**Company**"), hereby unanimously consent to the adoption of the following resolutions:

**WHEREAS**, the Company (together with its direct and indirect subsidiaries, the "**Company Group**") is a party to that certain Financing Agreement, dated as of July 31, 2017 (as amended, supplemented or otherwise modified from time to time, the "**Financing Agreement**" and the facility thereunder, the "**Term Facility**"), among the Company, ORG GP Buyer, LLC, and ORG LP Buyer, LLC, as borrowers, ORG GC Holdings, LLC, GC Services Limited Partnership, and GC Services International, LLC, as guarantors, BSP Agency, LLC, as administrative agent and collateral agent, and the lenders from time to time party thereto (the "**Existing Term Lenders**");

**WHEREAS**, on October 16, 2021, the Company Group entered into the Restructuring Support Agreement (the "**Restructuring Support Agreement**") with the Existing Term Lenders regarding the terms of a restructuring of the Company Group's capital structure and financial obligations (the "**Proposed Restructuring**")

**WHEREAS,** the Restructuring Support Agreement provides that the Proposed Restructuring will be implemented pursuant to the terms of a prepackaged plan of reorganization (the "**Plan**"), a corresponding disclosure statement in respect of the Plan  (the "**Disclosure Statement**"), a solicitation of votes thereon, and the commencement by the Company of a voluntary case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

**WHEREAS**, on October 16, 2021, in accordance with milestones set forth in the Restructuring Support Agreement, the Company commenced the prepetition solicitation of votes on the Plan from the Existing Term Lenders;

**WHEREAS**, the deadline for the Existing Term Lenders to vote to accept or reject the Plan was November 1, 2021 at 4:00 p.m. (Prevailing Central Time) (the "**Voting Deadline**");

**WHEREAS**, as of the Voting Deadline, 100% of the Existing Term Lenders have voted to accept the Plan;

**WHEREAS**, the Restructuring Support Agreement provides that the Company must commence its Chapter 11 Case no later than 11:59 p.m. (Prevailing Central Time) on November 8, 2021;

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by management with the assistance of (i) advice from its financial advisors, (ii) outside counsel and the general counsel to each Company, and (iii) management of each Company, regarding the liabilities and liquidity of such Company, all of the strategic alternatives available to it, including the Proposed Restructuring, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has been advised of the pleadings and other documents proposed to be filed in connection with commencement of the Chapter 11 Case, including the "first day" motions requesting certain "first day" relief from the Bankruptcy Court;

**WHEREAS**, with the Board believes that taking the actions set forth below is in the best interests of such Company and, therefore, desires to approve the following resolutions:

**Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED,** that the Board has determined, after consultation with the Company's management team, and based on the advice of the Company's legal and financial advisors (the "**Advisors**"), that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under chapter 11 of the Bankruptcy Code to implement the Proposed Restructuring; and be it further

**RESOLVED,** that any officer of the Company, including Robert Wagstaff in his capacity as Chief Restructuring Officer (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of the Company, and under its seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents in the Bankruptcy Court, and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Case, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**Debtor-in-Possession Financing**

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of the Company to enter into and obtain loans, and to consummate the transactions under that certain super priority senior secured debtor-in-possession term loan credit facility in an aggregate principal amount of up to $6 million to be evidenced by that certain Senior Secured Super Priority

Debtor-In-Possession Credit Agreement, by and among, the Company and the guarantors (the "**Guarantors**"), the lenders from time to time party thereto (the "**DIP Lenders**"), Goldman Sachs Specialty Lending Group, L.P., as administrative agent for the DIP Lenders (in such capacity and together with its successors, the "**Administrative Agent**") (the "**DIP Credit Agreement**"), in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to fund the costs of implementing the Proposed Restructuring (the "**Debtor-in-Possession Financing**"); and be it further

RESOLVED, that the execution and delivery of the DIP Credit Agreement and any DIP Financing Documents (as defined below) to which the Company is party, the consummation by the Company of the transactions contemplated thereunder, including the borrowing of funds under the DIP Credit Agreement, the grant of a security interest in and liens upon substantially all of the Company's assets in favor of the secured parties (including the authorization of financing statements in connection with liens) and the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto (each a "**DIP Financing Document**" and collectively, the "**DIP Financing Documents**"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and any DIP Financing Document to which the Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Credit Agreement and such DIP Financing Document with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

RESOLVED, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for Company throughout the Chapter 11 Case, substantially in the form presented to the Company and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that each Authorized Officer of the Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Administrative Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document including the granting of security thereunder; and be it further

**RESOLVED**, that each Authorized Officer of the Company, in each case, acting singly or jointly, be, and each hereby is, authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of the Company thereunder to the DIP Lenders and the Administrative Agent, and to authorize, execute, verify, file and/or deliver to the Administrative Agent, on behalf of the Company, all agreements, documents and instruments required by the DIP Lenders in connection with the foregoing; and be it further

**RESOLVED**, that each Authorized Officer of the Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Officer of the Company, in each case, acting singly or jointly, be, and each hereby is authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

**<u>Retention of Advisors</u>**

**RESOLVED**, that in connection with the Chapter 11 Case, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, which such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard);

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, and 700 Louisiana St., Suite 1700, Houston, TX 77002, is hereby retained as counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

**RESOLVED**, that the firm of Riveron Management Services, LLC f/k/a/ Conway MacKenzie Management Services, LLC ("**RMS**"), located at 401 South Old Woodward Avenue, Ste 340, Birmingham, Michigan 48009, is hereby retained to provide interim management services for the Company in the Chapter 11 Case, with Robert Wagstaff of RMS acting as Chief Restructuring Officer, subject to Bankruptcy Court approval;

**RESOLVED**, that the firm of Bankruptcy Management Solutions, Inc. d/b/a Stretto, located at 7 Times Square, Suite 1601, New York, New York 10036, is hereby retained as claims, noticing, and solicitation agent and administrative advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

## General Authority and Ratification of Past Actions

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates, including those not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person, any director, manager, or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, adopted and approved in all respects.

*[Signature Page Follows]*

This Written Consent may be executed in one or more counterparts, all of which together shall be one and the same instrument.  This Written Consent shall be filed with and become a part of the records of Company.

**IN WITNESS WHEREOF**, the undersigned, being all of the Managers of the Board, have executed this written consent as of the date first written above.

<u>**MANAGERS:**</u>

By:     /s/ James Decker
        Name: James Decker
        Title:   Manager

By:     /s/ John Haas
        Name: John Haas
        Title:   Manager

By:     /s/ Steven Panagos
        Name: Steven Panagos
        Title:   Manager

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name:  ORG GC Midco, LLC

United States Bankruptcy Court for the: Southern District of Texas
                                              (State)

Case number (*If known*):  _____

☐  Check if this is an
    amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Intact Insurance Surety Group<br>f/k/a OneBeacon Surety Group<br>Attn.: Corey E. Johnson<br>3625 Cumberland Blvd., Suite C-100<br>Atlanta, Georgia 30339 | Attn.:  Corey E. Johnson<br>Phone: (781) 332-7276<br>Email: cjohnson@intactinsurance.com | Surety | C/U/D | | | Undetermined |
| 2 | Chubb Group of Insurance Companies<br>Attn.: Claims Department<br>82 Hopmeadow Street<br>Simsbury, Connecticut 06070-7683 | Attn.: Claims Department<br>Phone: (800) 362-4822<br>Email: specialtyclaims@chubb.com | Insurance | C/U/D | | | Undetermined |
| 3 | Chapman and Cutler LLP<br>Attn.: Larry G. Halperin<br>1270 Avenue of the Americas, 30th Floor<br>New York, New York 10020-1708 | Attn.: Larry G. Halperin<br>Phone: (212) 655-2517 (direct)<br>Phone: (212) 655-6000<br>Email: halperin@chapman.com | Professional Services | C/U/D | | | Undetermined |
| 4 | Ham Langston & Brezina LLP<br>Attn.: David Borda<br>11550 Fuqua, Suite 475<br>Houston, Texas 77034 | Attn.: David Borda<br>Phone: (281) 481-1040<br>Email: bordad@hlb-cpa.com | Professional Services | C/U/D | | | Undetermined |
| 5 | Vinson & Elkins L.L.P.<br>Attn.: Peter C. Marshall<br>2001 Ross Avenue, Suite 3900<br>Dallas, Texas 75201 | Attn.: Peter C. Marshall<br>Phone: (214) 220-7849<br>Email: pmarshall@velaw.com | Professional Services | C/U/D | | | Undetermined |
| 6 | King & Spalding LLP<br>Attn.:  W. Austin Jowers (Austin)<br>1180 Peachtree Street NE<br>Atlanta, Georgia 30309 | Attn.:  W. Austin Jowers (Austin)<br>Phone: (404) 572-2776 (direct)<br>Phone: (404) 572-4600<br>Email: ajowers@kslaw.com | Professional Services | C/U/D | | | Undetermined |
| 7 | Mayer Brown LLP<br>Attn.: Steven M. Kaplan<br>1999 K Street, NW<br>Washington, DC 20006-1101 | Attn.: Steven M. Kaplan<br>Phone: (202) 263-3005 (direct)<br>Phone: (202) 263-3000<br>Email: skaplan@mayerbrown.com | Professional Services | C/U/D | | | Undetermined |
| 8 | Stroock & Stroock & Lavan LLP<br>Attn.: Jayme T. Goldstein<br>180 Maiden Lane<br>New York, New York 10038-4982 | Attn.: Jayme T. Goldstein<br>Phone: (212) 806-5400<br>Email: jgoldstein@stroock.com | Professional Services | C/U/D | | | Undetermined |

| Debtor | ORG GC Midco, LLC | | | Case number (if known) | 21-_____ (   ) |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Wells Fargo Bank<br>Attn.: Chester Fontenot<br>WF 8113<br>P.O. Box 1450<br>Minneapolis, Minnesota 55485-8113 | Attn.: Chester Fontenot<br>Phone: (917) 260-1688<br>Email: chester.fontenot@wellsfargo.com | Professional Services | C/U/D | | | Undetermined |
| 10 | Winstead PC<br>Attn.: Melissa R. Stewart<br>500 Winstead Building<br>2728 N Harwood Street<br>Dallas, Texas 75201 | Attn.: Melissa R. Stewart<br>Phone: (214) 745-5200<br>Email: mstewart@winstead.com | Professional Services | C/U/D | | | Undetermined |
| 11 | Eckstaedt and Associates, LLC<br>Attn: James Eckstaedt<br>8502 E. Chapman Avenue, Suite 192<br>Orange, California 92869 | Attn: James Eckstaedt<br>Phone: (714) 319-9269<br>Email:<br>jim.eckstaedt@esckstaedtandassociates.com | Professional Services | C/U/D | | | Undetermined |
| 12 | Tennessee Department of Revenue<br>Attn.: Legal Department<br>500 Deaderick Street<br>Nashville, Tennessee 37242-0400 | Attn.: Legal Department<br>Phone: (615) 253-0600<br>Email: revenue.support@tn.gov | Government Contracts | C/U/D | | | Undetermined |
| 13 | Missouri Department of Revenue<br>Attn.: Bankruptcy Unit<br>Attn: Steven A. Ginther<br>301 W High Street, Room 670<br>PO Box 475<br>Jefferson City, Missouri 65105-0475 | Attn.: Bankruptcy Unit<br>Attn Steven A. Ginther<br>Phone: (573) 751-4541<br>Phone: (573) 751-5531<br>Email: corporate@dor.mo.gov<br>Email: sdnyecf@dor.mo.gov | Government Contracts | C/U/D | | | Undetermined |
| 14 | Arizona Department of Revenue<br>Attn.: Legal Department<br>1600 W Monroe Street<br>Phoenix, Arizona 85007 | Attn.: Legal Department<br>Phone: (602) 716-6234<br>Email: tca@azdor.gov<br>Email: laveritt@azdor.gov | Government Contracts | C/U/D | | | Undetermined |
| 15 | Utah State Tax Commission<br>Attn.: Legal Department<br>210 North 1950 West<br>Salt Lake City, Utah 84101-0180 | Attn.: Legal Department<br>Phone: (800) 662-4335<br>Email: taxmaster@utah.gov | Government Contracts | C/U/D | | | Undetermined |
| 16 | City of Columbus<br>Attn.: Legal Department<br>77 N Front Street, 2nd Floor<br>Columbus, Ohio 43215 | Attn.: Legal Department<br>Phone: (614) 645-8328<br>Email: tax@columbus.gov | Government Contracts | C/U/D | | | Undetermined |
| 17 | Kansas Department of Revenue<br>Attn.: Corporate Tax Division<br>Scott State Office Building<br>120 SE 10th Avenue<br>Topeka, Kansas 66612-1103 | Attn.: Corporate Tax Division<br>Phone: (785) 368-8222<br>Email: KDOR_tac@ks.gov | Government Contracts | C/U/D | | | Undetermined |
| 18 | City of Philadelphia<br>Attn.: Law Tax & Revenue Unit<br>1401 John F Kennedy Blvd.<br>Philadelphia, Pennsylvania 19102 | Attn.: Law Tax & Revenue Unit<br>Phone: (215) 686-6600<br>Email: revenue@phila.gov | Government Contracts | C/U/D | | | Undetermined |
| 19 | Colorado Department of Revenue<br>Attn.: Taxation Division<br>1375 Sherman Street<br>Denver, Colorado 80203 | Attn.: Taxation Division<br>Phone: (303) 866-3711<br>Email: DOR_TaxpayerService@state.co.us | Government Contracts | C/U/D | | | Undetermined |
| 20 | Indiana Department of Revenue<br>Attn.: Bankruptcy Division<br>100 N Senate Avenue<br>Indianapolis, Indiana 46204 | Attn.: Bankruptcy Division<br>Phone: (317) 232-2240<br>Email: corptax@dor.in.gov<br>Email: businesstaxassistance@dor.in.gov | Government Contracts | C/U/D | | | Undetermined |

| Debtor | ORG GC Midco, LLC | | Case number (if known) | 21-_____ (  ) |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21  Comptroller of Maryland Attn.: Taxpayer Service Division, Revenue Administration 110 Carroll Street Annapolis, Maryland 21411-0001 | Attn.: Taxpayer Service Division, Revenue Administration Phone: (410) 260-7980 Email: taxhelp@marylandtaxes.gov | Government Contracts | C/U/D | | | Undetermined |
| 22  Connecticut Commissioner of Revenue Services Attn.: Corporate Business Tax Division 450 Columbus Blvd., Suite 1 Hartford, Connecticut 06103 | Attn.: Corporate Business Tax Division Phone: (860) 297-5962 Email: drs@po.state.ct.us | Government Contracts | C/U/D | | | Undetermined |
| 23  Financial Crimes Enforcement Network (Foreign Bank Reporting) Attn.: Legal Department P.O. Box 39 Vienna, Virginia 22183 | Attn.: Legal Department Phone: (800) 767-2825 Email: FRC@fincen.gov | Government Contracts | C/U/D | | | Undetermined |
| 24  Oregon Department of Revenue Attn.: Corporate Tax 955 Center Street NE Salem, Oregon 9730 1-2555 | Attn.: Corporate Tax Phone: (503) 378-4988 Email: corp.help.dor@oregon.gov Email: questions.dor@oregon.gov | Government Contracts | C/U/D | | | Undetermined |
| 25  State of Arkansas Attn.: Corporation Income Tax Division Ledbetter Building 1816 W 7th Street, Rm. 2250 Little Rock, Arkansas 72201 | Attn.: Corporation Income Tax Division Phone: (501) 682-4775 Email: Corporation.Income@dfa.arkansas.gov | Government Contracts | C/U/D | | | Undetermined |
| 26  Idaho State Tax Commission Attn.: Income Taxes 11321 W. Chinden Blvd. Boise, Idaho 83714 | Attn.: Income Taxes Phone: (800) 972-7660 Email: taxrep@tax.idaho.gov | Government Contracts | C/U/D | | | Undetermined |
| 27  West Virginia State Tax Department Account Administration Division, Corporate Tax Unit Attn.: The Revenue Center 1001 Lee Street E. Charleston, West Virginia 25324-1202 | Attn.: The Revenue Center Phone: (304) 558-3333 Email: TaxHelp@WV.gov | Government Contracts | C/U/D | | | Undetermined |
| 28  State of New Hampshire Attn.: Department of Revenue Admin. 109 Pleasant Street Concord, New Hampshire 03302-0488 | Attn.: Department of Revenue Admin. Phone: (603) 230-5086 Email: dra.collections@dra.nh.gov | Government Contracts | C/U/D | | | Undetermined |
| 29  Rhode Island Attn.: Division of Taxation 1 Capitol Hill, Suite 9 Providence, Rhode Island 02908-5811 | Attn.: Division of Taxation Phone: (401) 574-8935 Email: TaxCorporate@tax.ri.gov | Government Contracts | C/U/D | | | Undetermined |
| 30  Minnesota Department of Revenue Attn.: Corporate Franchise Tax Mail Station 1250 600 N Robert Street St. Paul, Minnesota 55145-1250 | Attn.: Corporate Franchise Tax Phone: (800) 657-3666 Email: businessincome.tax@state.mn.us | Government Contracts | C/U/D | | | Undetermined |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ORG GC MIDCO, LLC,** | § | Case No. 21- |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, ORG GC Midco, LLC, as a debtor and debtor in possession (the "**Debtor**" and together with its direct and indirect subsidiaries, the "**Company**"), respectfully represents as follows:

1.     To best of the Debtor's knowledge, as of the date hereof (the "**Petition Date**"), the following entities own, directly or indirectly, ten percent (10%) or more of the Debtor's membership interests:

2.     ORG GC Holdings, LLC ("**Holdco**") is the Debtor's parent holding company and owns one-hundred percent (100%) of the membership interests of the Debtor.

3.     Holdco has issued multiple classes of shares.  The following entities own ten percent (10%) or more of each of the various classes of shares issued by Holdco:

     i.     Series A-2 Units

        • Seller[1] – 100%

     ii.     Series B Units

        • ORG GC Coinvestment, LP – 32.5%

---

[1]     As used herein, the term "Seller" refers, collectively, to DLS Enterprises, Inc., DLS Enterprises Holdings, LLC, and GC Financing Corp.

- ORG GC Coinvestment II, LP – 57.3%

    iii.    Series C Units

- ORG GC Coinvestment, LP – 28.6%

- ORG GC Coinvestment II, LP – 50.4%

- Seller – 12%

4.    Upon information and belief, no other corporation or person (as defined in the Bankruptcy Code) owns, directly or indirectly, ten percent (10%) or more of any class of the Debtor's equity interests.

5.    Attached hereto as **<u>Exhibit A</u>** is an organizational chart for the Company.

## Exhibit A

### Organizational Chart



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **ORG GC MIDCO, LLC,** | § | **Case No. 21-** |
| | § | |
| Debtor. | § | |
| | § | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following

identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor

in possession (the "**Debtor**").

Check applicable box:

☐  There are no equity security holders or corporations that directly or indirectly own ten percent
(10%) or more of any class of the Debtor's equity interest.

☒  The following are the Debtor's equity security holders (list holders of each class, showing the
number and kind of interests registered in the name of each holder, and the last known address or
place of business of each holder):

| Name and Last Known Address Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| ORG GC Holdings, LLC<br>221 West Sixth Street, Ste. 2000<br>Austin, Texas 78701 | Membership Interest | 100% |

---

[1]   This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy
Procedure. All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: ORG GC Midco, LLC

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule ____

☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑ Other document that requires a declaration Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 8, 2021          **X** /s/ Michael Jones
MM / DD /YYYY                              Signature of individual signing on behalf of debtor

                                                        Michael Jones
                                                        Printed name

                                                        Chief Financial Officer & Chief Administrative Officer
                                                        Position or relationship to debtor